IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA YATES,

    Plaintiff,

vs.                              Case No._____

AGR GROUP, LLC and
HERB ZERDEN,

    Defendants.
_____/

## COMPLAINT

    COMES NOW the Plaintiff, DANA YATES, by and through her undersigned attorney, and sues the Defendants, AGR GROUP, LLC and HERB ZERDEN, (hereinafter referred to collectively as the "Defendants"), and alleges as follows:

### INTRODUCTION

1.    This is an action by the Plaintiff against her former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2.    This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

### VENUE

3.    The venue of this Court over this controversy is proper based upon the claim arising in Clearwater, Pinellas County, Florida.

## **PARTIES**

4.    Plaintiff, DANA YATES, became employed and hired by Defendants on or about June 2004, and worked for Defendants as a telemarketer at Defendants' facility located in Clearwater, Florida. Plaintiff's employment with Defendants terminated on or about February 2007.

5.    The Defendant, , AGR GROUP, LLC, is a limited liability company formed and existing under the laws of the State of Florida and during Plaintiff's employment was an employer as defined by 29 U.S.C. §203(d).

6.    Plaintiff was an employee of AGR GROUP, LLC, and at all times relevant to the violations of the FLSA was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7.    Throughout Plaintiff's employment with Defendants, the Defendant, AGR GROUP, LLC was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

8.    Throughout Plaintiff's employment, Defendant HERB ZERDEN acted directly or indirectly in the interest of Defendant, , AGR GROUP, LLC. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d).

9.    Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half time the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in

excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

10. Plaintiff has retained the undersigned attorneys to represent her in this matter and has agreed to pay a reasonable attorney's fees for its services.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally liable, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

DATED this 24th day of April, 2007.

Charles Scalise, Esq.
Florida Bar No. 0776327
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 423-7928
E-mail: cscalise@forthepeople.com
**Attorneys for Plaintiff**